UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-1110 JGB (DTBx)** | Date | March 12, 2026 |
|---|---|---|---|
| Title | ***Cong Liu v. Mascot International Logistics, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order TO SHOW CAUSE Regarding Subject Matter Jurisdiction (IN CHAMBERS)**

On March 10, 2026, Plaintiff Cong Liu filed a complaint against Mascot International Logistics, Inc., Shenzhen Mascot International Logistics Co., Ltd., Jialing Zheng, Congjie Wang, and Does 1–20.  ("Complaint," Dkt. No. 1.)  The Complaint invokes federal jurisdiction under 28 U.S.C. § 1333, which provides that:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> (2)Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

According to Plaintiff, "[t]his is a maritime cargo detention case arising from Defendants' coordinated and escalating scheme to obtain possession and control of Plaintiff's goods, repudiate clearly accepted freight terms, manufacture a false freight dispute, and then use wrongful detention of the cargo in California as leverage to extract additional payments, inflated storage charges, detention-related fees, and broader economic concessions."  (Compl. ¶ 1.) Based on these allegations, Plaintiff brings eight causes of action: (1) maritime breach of contract; (2) conversion; (3) intentional interference with contractual relations; (4) intentional interference with prospective economic advantage; (5) fraud, promissory fraud, concealment, and

misrepresentation; (6) concerted liability, civil conspiracy and aiding and abetting; (7) restitution based on unjust enrichment; and (8) declaratory relief.  (See Compl.)

The Supreme Court, in Foremost Ins. Co. v. Richardson, 457 U.S. 668, 673–74 (1982), and again in Sisson v. Ruby, 497 U.S. 358, 364 (1990), has emphasized that all admiralty torts must have "a substantial relationship to traditional maritime activity."  An important consideration in determining whether such a relationship exists is whether the tort occurred on navigable waters.  See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995).

Under this standard, it is not clear that the instant action occurred on navigable waters; instead, it appears that most of the tortious conduct occurred on land.  (See Compl.)  The Ninth Circuit has "recognized that admiralty jurisdiction is lacking where the tort occurs, or the negligence took effect, solely on land."  J. Lauritzen A/S v. Dashwood Shipping, Ltd., 65 F.3d 139, 142 (9th Cir. 1995) (citing Guidry v. Durkin, 834 F.2d 1465, 1469 (9th Cir. 1987)).  The Court further notes that "a mixed contract containing both maritime and non-maritime" obligations is usually not within admiralty jurisdiction.  Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 199 (2d Cir. 1992) (affirming a district court's dismissal for lack of subject matter jurisdiction where plaintiff's allegations arose from a "mixed contract").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** as to the Court's subject matter jurisdiction under 28 U.S.C. § 1333.  **Plaintiff shall file a response by March 20, 2026**. Plaintiff is warned that failure to adequately respond to this order could result in sanctions, including dismissal of the Complaint.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**     Initials of Deputy Clerk NPO